### HENRY R. DUNHAM *et al.* agt. EBENEZER CLARK.

Where a case was put on the *special* calendar of short causes at the New-York circuit (commonly known as the railroad calendar), by plaintiff's attorney, without notice to defendant's attorney, or to his knowledge; and an inquest taken by plaintiffs on the morning of the second day of the circuit, out of its order on the general calendar (the cause standing No. 171 on the general calendar); and an affidavit of merits having been filed and served by defendant's attorney, and he being in attendance at the circuit to try the cause; *held,* that it operated as a surprise upon defendant's attorney, and the inquest was set aside. Costs to abide event.

*June Term,* 1846.

MOTION by defendant to set aside inquest or verdict, for irregularity.

Defendant stated that issue was joined in this cause about the 10th of March last, and the cause subsequently noticed for trial at the New-York circuit (where the venue was laid) for the first Monday of May last. Defendant filed and served an affidavit of merits previous to the circuit. On the morning of the second day of the circuit, at about half-past nine A. M., defendant called on the clerk to see the calendar, and found that this cause stood at No. 171. Defendant having business in the supreme court, went in there at the opening of the court, and was not present at the opening of the circuit. At about 11 o'clock A. M., defendant met Mr. Sandford, one of the plaintiffs' attorneys, in the City Hall, and remarked to him that this cause would not be reached, and they had better consent to consider it off for the term. Sandford then informed him that they had taken a verdict for the plaintiffs in the cause that morning. Defendant insisted that it was irregular, and requested him (Sandford) to waive it and let it stand for trial, as defendant had a good and substantial [*164] *defence on the merits; which he declined to do.

Defendant then applied to the clerk of the circuit, and was informed by him that the calendar had not been called at all, neither on that day nor the day previous; but, produced to defendant a half-sheet of paper, on which were entered thirteen causes, selected out of the causes on the calendar, and among which was this cause; which half-sheet of paper, containing the thirteen causes, was headed as follows: "May Circuit, 1846. Special calendar of short causes." Defendant stated that he never knew or heard of such special calendar, or half-sheet of paper, until it was shown to him by the clerk; nor had he any intimation, by notice or otherwise, that this cause was to be placed any where except on the regular calendar of the circuit. Defendant stated that he had a good and substantial defence on the merits, and that the cause was not reached in its regular order on the calendar.

E. CLARK, *counsel and attorney in pro. per.*
P. CAGGER, *plaintiffs' counsel.*
SANDFORD & PORTER, *plaintiffs' attorneys.*

JEWETT, Justice.  Granted the motion, the costs of the motion to abide the event of the suit, on the ground that defendant was taken by surprise.  He had no notice of the cause being put upon the special calendar, commonly known in New-York as the railroad calendar.